# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY JOE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-09-1221-HE |
| | ) | |
| STATE OF OKLAHOMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint has been conducted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). For the reasons set forth below, it is recommended that the action be dismissed as the claims raised in the Complaint fail to state a claim upon which § 1983 relief may be granted.

## I. Plaintiff's Claims

Plaintiff's claims arise out of a 1965 armed robbery conviction in the State of Oklahoma. Plaintiff alleges he was a juvenile at the time of the conviction and served nine years – in part at the Oklahoma State Reformatory in Granite, Oklahoma, and in part at the Oklahoma State Penitentiary in McAlester, Oklahoma. Plaintiff alleges he completed service of the sentence on the 1965 conviction in April 1971.

Plaintiff further alleges the 1965 conviction was ordered expunged by the District Court of Oklahoma County, State of Oklahoma in 1980.

Plaintiff claims he was subjected to cruel and unusual conditions of confinement during his incarceration for the 1965 conviction. He alleges numerous instances of inhumane treatment by prison officials during this time period. As relief, Plaintiff seeks monetary damages "for false imprisonment from 1965 to 1971" and pain and suffering related thereto. He also challenges use of the 1965 conviction as grounds for sentence enhancement in subsequent state and federal cases and specifically, with respect to the 212-month federal sentence he is currently serving. He also seeks injunctive relief requesting a permanent injunction forbidding use of the 1965 conviction in any future proceedings due to the alleged expungement of that conviction.

## II. Standard for Dismissal of In Forma Pauperis Complaint

Where a case proceeds *in forma pauperis*, the court screens the complaint to determine whether dismissal is proper for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The same standard of review applies for dismissals under § 1915(e)(2)(B)(ii) as that applied to Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217-1218 (10th Cir. 2007). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir.1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**III.    Analysis**

    **A.    Claim Challenging Conditions of Confinement**

Plaintiff's claim for monetary damages challenging the conditions of his confinement are properly brought pursuant to 42 U.S.C. § 1983. *See, e.g., McIntosh v. United States Parole Commission*, 115 F.3d 809, 812 (10th Cir. 1997). Plaintiff challenges the conditions of his confinement related to the sentence he served on the 1965 Oklahoma state conviction. As set forth above, he alleges he discharged that sentence in April 1971, more than thirty-eight years prior to the filing of this action.

The period of limitations for a § 1983 action is governed by the forum state's law applicable to personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Oklahoma, the limitations period for § 1983 actions is governed by Okla. Stat. tit. 12, § 95, which specifies a two-year limitations period. *See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (Oklahoma's two-year period of limitations applied to a § 1983 claim involving an illegal arrest); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (in Oklahoma, the applicable period of limitations for a § 1983 action is two years). Thus, because Plaintiff's claim accrued more than two years prior to November 2009, when Plaintiff commenced this action, his claim is time-barred absent some form of tolling.

Plaintiff has not alleged any facts to demonstrate tolling of the limitations period is proper. Oklahoma law restricts the bases on which a limitation period may be tolled:

> In general, Oklahoma permits the tolling of a statute of limitations in two circumstances. First, the existence of a "legal disability" provides proper grounds for equitable tolling. Although the exact definition of this term remains unclear, Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority. . . .
>
> Second, the Oklahoma discovery rule tolls the statute of limitations until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action. Therefore, if defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights, the limitations period may not be triggered.

*Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (internal citations and quotations omitted). Plaintiff has not alleged facts demonstrating a legal disability. Though he was a minor at the time he commenced the sentence on the 1965 conviction, he reached the age of majority shortly thereafter. And, liberally using the date of Plaintiff's discharge of his sentence as the accrual date, his conditions of confinement claims accrued more than thirty-eight years ago.[1] Under these circumstances, "it is clear from the face of the complaint that there are no meritorious tolling issues", *see Arroyo v. Starks,* __ F.3d __, 2009 WL

---

[1] While state law governs statute of limitations issues, federal law determines the accrual of § 1983 claims. *Wallace*, 549 U.S. at 388. "Since the injury in a § 1983 case is the violation of a constitutional right . . . such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quoted citation omitted); *see also Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) ("A civil rights action accrues when 'facts that would support a cause of action are or should be apparent.'") (citations omitted). The Court must therefore "identify the constitutional violation and locate it in time." *Smith v. City of Enid*, 149 F.3d at 1154 (citation omitted).

4

4827370 at *5 (10th Cir. Dec. 16, 2009) (for publication), and therefore, no tolling of the limitations period is available.

### B. False Imprisonment Claim

Plaintiff's false imprisonment claim is also time-barred. For purposes of addressing the sufficiency of the allegations of the Complaint to determine whether Plaintiff has stated a false imprisonment claim, the Court accepts as true Plaintiff's allegation that the 1965 conviction was expunged. Plaintiff alleges he discharged his sentence on the 1965 conviction in April 1971 and the conviction was subsequently expunged in August 1980. Plaintiff provides no factual or legal basis upon which the expungement was based. For purposes of dismissal only, the Court assumes without deciding that the expungement could serve as a basis for Plaintiff's false imprisonment. Even if the Court were to apply a most liberal accrual date of August 1980, the date of the alleged expungement, Plaintiff's false imprisonment claim is clearly time-barred by the applicable two-year limitations period.

### C. 1965 State Conviction as Basis for Enhancement of Federal Sentence

Plaintiff further claims the expunged 1965 conviction has improperly been used to enhance a federal sentence for which he is currently in custody. This claim does not properly arise under § 1983 but instead is a claim for federal habeas corpus relief because it involves a challenge to his federal conviction and sentence rather than the conditions of his confinement. *See McIntosh*, 115 F.3d at 812 ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or

a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (internal quotations and citation omitted). Accordingly the claim challenging the use of the 1965 conviction as grounds for enhancement of his current federal sentence is not cognizable in this § 1983 action and should be dismissed.[2]

### D. Claim for Injunctive Relief

Finally, Plaintiff seeks injunctive relief. He seeks such relief against the State of Oklahoma contending the State has not complied with the order of the District Court of Oklahoma County, State of Oklahoma, entered in August 1980, directing the 1965 conviction be expunged. To the extent Plaintiff's claim for injunctive relief implicates a federal constitutional right and, therefore, is cognizable under § 1983, the claim is time-barred.[3]

---

[2]The Court takes judicial notice of the fact that Plaintiff has pending a habeas action brought pursuant to 28 U.S.C. § 2255 challenging the federal sentence. *See United States v. Hill*, Case No. 03-CR-71-CVE, United States District Court for the Northern District of Oklahoma.

[3]Plaintiff's request to enforce the order of expungement made nearly thirty years after entry of the order comes too late. Plaintiff claims the 1965 conviction was improperly used to enhance subsequent state and federal sentences. Even if his claim did not accrue until entry of such judgments and sentences, his claim remains untimely. Plaintiff is most recently in custody on a federal sentence and contends this sentence was also improperly enhanced by the 1965 conviction. He attaches to the Complaint a transcript of proceedings conducted in the federal criminal prosecution on September 26, 2003, where reference is made to the 1965 conviction. *See* Complaint, Attachment 1, Transcript of Proceedings, Case No. 03-CR-71-EA, United States District Court for the Northern District of Oklahoma. The Court takes judicial notice that on October 10, 2006, the Tenth Circuit Court of Appeals affirmed the conviction and sentence in Case No. 03-CR-71-EA. *See United States v. Hill*, 200 Fed. Appx. 783 (10th Cir. Oct. 10, 2006) (unpublished op.). Giving Plaintiff a most generous accrual date of October 10, 2006, for any claim for injunctive relief, the instant action, filed November 2, 2009, is untimely.

Moreover, Plaintiff's request for injunctive relief is more appropriately viewed as a request for mandamus relief against state officers because Plaintiff seeks to compel enforcement of the order of expungement. This Court's mandamus authority extends only to federal officials. *See* 28 U.S.C. § 1361 ("The district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") ( emphasis added). *See also Amisub (PSL), Inc. v. State of Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir.1989) ("No relief against state officials or state agencies is afforded by § 1361."); *Sockey v. Gray*, 159 Fed. Appx. 821, 822 (10th Cir. 2005) (unpublished op.) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."). Plaintiff names the State of Oklahoma as a defendant and asks the Court to compel state officials to perform a specific act, that is, enforce an order of expungement as to his 1965 Oklahoma state conviction. The relief requested is outside the scope of the Court's mandamus authority, and therefore, any claim for mandamus relief should be dismissed.[4]

### E. Claims Barred by Immunity

In addition to the reasons identified above as grounds for dismissal of Plaintiff's claims, the Court further recognizes that Plaintiff's claims for monetary damages against the state officials in their official capacities are barred by sovereign immunity. The Eleventh Amendment bars a suit for money damages in federal court against a state by its own

---

[4]Plaintiff also names federal officials as defendants. However, these federal defendants are powerless to correct Plaintiff's state court records or otherwise compel the State of Oklahoma to do so.

7

citizens. *See Edelman v. Jordan*, 415 U.S. 651, 663-664 (1974). This immunity from suit extends to the state's agencies and officers. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 and n. 10 (1989). Accordingly, the state Defendants in their official capacities, are immune from Plaintiff's claims for money damages. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (holding that Eleventh Amendment bars claims for money damages against entities that are arms or instrumentalities of a state); *White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996) (finding § 1983 claims plaintiff asserted against state corrections employees in their official capacity for money damages barred by Eleventh Amendment sovereign immunity); *Eastwood v. Department of Corrections of State of Okl.*, 846 F.2d 627, 631 (10th Cir. 1988) ("[T]he DOC is an arm of the state and should be entitled to [Eleventh Amendment] immunity.").

Plaintiff's claims for monetary damages against the state officials in their official capacities, therefore, should be dismissed on grounds of Eleventh Amendment immunity.

### F. Plaintiff's Claims Against Federal Officials

Plaintiff sues two federal officials, Defendants Feabear and Petree, in both their individual and official capacity. Plaintiff's claims against these federal officials are not cognizable in an action brought pursuant to 42 U.S.C. § 1983 because § 1983 requires allegations of a state actor acting under color of state law. *See Allred v. McCaughey*, 257

Fed. Appx. 91, 92 (10th Cir. Dec. 3, 2007) (unpublished op.) ("Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law. It does not apply, however, to a person acting under color of federal law.") (*citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 398 n. 1 (Harlan, J., concurring)). The federal government and its employees are not subject to suit under § 1983 and, therefore, Plaintiff's claims against these defendants should be further subject to dismissal on this basis.[5]

**RECOMMENDATION**

It is recommended that the Complaint [Doc. #1] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. It is further recommended that Plaintiff's claims for monetary damages against the state officials in their official capacity be dismissed on grounds of Eleventh Amendment immunity.

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Within 14 days after being served with a copy of this Report and Recommendation, Plaintiff may file specific written objections. Fed. R. Civ. P. 72(b)(2). Any objections must be filed with the Clerk of the District Court. Failure to make timely

---

[5] Although the Court could construe the claims against the federal officials as claims brought pursuant to *Bivens*, 403 U.S. 388 (1971), other pleading deficiencies exist with respect to such claims, including the same issues of untimeliness as found with respect to Plaintiff's § 1983 claims. *See Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) *(Bivens* claims are "subject to the statute of limitations of the general personal injury statute in the state where the action arose."). Therefore, the Court declines to construe the Complaint to include *Bivens* claims.

9

objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this   27th   day of January, 2010.

*/s/ Valerie K. Couch*
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE