## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY JOE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-09-1221-HE |
| | ) | |
| STATE OF OKLAHOMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a federal prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violation of his federal constitutional rights.  The matter was referred to Magistrate Judge Valerie K. Couch for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), who recommends that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.  Because plaintiff has objected to the Report and Recommendation, the matter is reviewed de novo.  28 U.S.C. § 636(b)(1).

Plaintiff alleges several constitutional violations.  First, he argues that he was subjected to unconstitutional conditions of confinement by the Oklahoma Department of Corrections between 1965 and 1971, and that, in light of the conviction on which that sentence was based being expunged in 1980, he was falsely imprisoned during that period.  The period of limitations applicable to a § 1983 action is that applicable to a personal-injury action in the forum state.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  In Oklahoma, the limitations period for a § 1983 action is two years.  12 Okla. Stat. § 95; *see* Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005).  Because plaintiff has alleged no facts indicating that

tolling of the limitations period is appropriate, it is clear that the limitations period on his claim expired well before his complaint was filed in November 2009.

Plaintiff also claims that his 1965 conviction has improperly been used to enhance a federal sentence for which he is currently in custody. This claim challenges his sentence and conviction, rather than his conditions of confinement, and thus is not properly asserted under § 1983, but should be brought in a petition for federal habeas corpus relief. Taking notice that plaintiff has pending a habeas action pursuant to 28 U.S.C. § 2255 challenging his federal sentence, the Magistrate Judge recommends, and the court agrees, that the plaintiff's claim challenging the use of his 1965 conviction for sentence enhancement purposes be dismissed as not cognizable under § 1983. *See* United States v. Hill, Case No. 03-CR-71-CVE (N.D. Okla.).

Plaintiff further seeks injunctive relief against the State of Oklahoma which, he claims, has failed to comply with the 1980 expungement order issued by the District Court of Oklahoma County by using his 1965 conviction for sentence enhancement. Even assuming plaintiff's claim for injunctive relief implicates federal constitutional rights, and is thus cognizable under § 1983, the claim is time-barred.[1] Further, plaintiff's request for injunctive relief seeks to compel enforcement of the expungement order by state officers and so, as the Magistrate Judge concluded, is more appropriately viewed as a request for

---

[1]*Even assuming his period of limitations did not begin to accrue until the sentence which the prior conviction was used to enhance was handed down, the claim would be barred. The latest plausible date to begin the accrual of the limitations period would be on October 10, 2006, when the court of appeals affirmed the conviction and sentence. Because the present action was filed more than two years later, in November 2009, the claim is time-barred.*

mandamus relief against state officers.  As federal courts' mandamus authority extends only to federal officials, the court does not have the authority to grant the requested relief. Amisub (PSL), Inc. v. State of Colorado Dep't of Soc. Servs., 879 F.2d 789, 790 (10th Cir. 1989).  To the extent plaintiff seeks monetary relief from defendant state officials in their official capacities, those claims are barred by Eleventh Amendment immunity.

For substantially the same reasons as stated by the Magistrate Judge, the court concludes that the plaintiff has failed to state a claim for relief under § 1983.  Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. No. 9] and **DISMISSES** the plaintiff's action.

**IT IS SO ORDERED**.

Dated this 24th day of May, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE